# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00142-CR

**Jeanna Faye Stone, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 02-2866-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jeanna Faye Stone guilty of class A misdemeanor theft. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(3) (West Supp. 2004). The court sentenced her to 365 days in jail and a $100 fine, but it suspended imposition of the sentence and placed her on community supervision. In two points of error, appellant contends the evidence is legally and factually insufficient to support the finding of guilt. We will overrule these contentions and affirm.

In a legal sufficiency review, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary

proof as to undermine confidence in the jury's determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Emilio Hernandez testified that he was employed as a door greeter at a Wal-Mart store in Round Rock. On the day in question, he was working at the gate leading into and out of the garden center. Appellant approached the gate as if to leave, pushing a shopping cart containing an unboxed personal computer, including the central processing unit, monitor, and keyboard. Hernandez asked to see the sales receipt. Appellant looked through her purse and told Hernandez she could not find the receipt. She also told him that she had purchased the computer in the electronics department. He instructed her to return there and obtain her receipt.

Shirley McAdams testified that she was the assistant manager of the Round Rock Wal-Mart. After being told what had happened in the garden department, McAdams looked for and found appellant, and began to follow her. Appellant pushed the cart containing the computer past the general merchandise checkout point, through the inner doors of the store's vestibule, and then through the outer doors onto the sidewalk. At this point, McAdams stopped appellant and asked to see the receipt for the computer. Once again, appellant claimed to have purchased the computer but could not find the receipt. McAdams took appellant to an office and called the police. When McAdams asked her why she was stealing the computer, appellant said she needed it to write stories. McAdams testified that the computer was a display model on sale for $798.

Appellant testified that she went to the Wal-Mart to purchase a computer. She took the display model because its price was lower than comparable computers still in the box. She then went to the garden center to look for a plant. She denied speaking to Hernandez. Instead, she said

2

she spoke to another employee and asked him how to open a credit account. He told her to go to the layaway department. According to appellant, she found the layaway department but did not see any credit applications. She then pushed her cart to the front of the store and into the vestibule, where she had seen a rack with various pamphlets. According to appellant, it was at this spot, while she was still inside the store and looking for a credit application, that she was stopped by McAdams. Appellant testified that she did not intend to steal the computer.

Appellant contends the evidence is legally insufficient because there is no evidence that she was not looking for a credit application and because the State failed to introduce store security videotapes that might have shown whether she was stopped inside or outside the store. The question presented, however, is whether the evidence the State did introduce, when viewed in the light most favorable to the jury's verdict, supports a finding of guilt beyond a reasonable doubt. Applying that standard, we conclude that the evidence is legally sufficient to prove each element of theft. Point of error one is overruled.

In her factual sufficiency challenge, appellant essentially asks this Court to reweigh the evidence, discount the testimony of the State's witnesses, and accept appellant's testimony as true. But even in a factual sufficiency review, we must accord due deference to the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9. We may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Id.* Viewing all the evidence neutrally, and giving due deference to the jury, we find that the evidence of guilt is neither so obviously weak nor

3

so greatly outweighed by contrary proof as to undermine confidence in the jury's determination.

Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   March 25, 2004

Do Not Publish

4